IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ALAN MOON,

    Plaintiff

VS.

SHIRLISA HOWARD, CORPORAL, *et al.*,

    Defendants

NO. 3:09-CV-25 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff Alan Moon brought the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that defendants Shirlisa Howard, Douglas Harrison, and Takia Taylor mishandled his legal mail thus violating his constitutional right of access to the courts. Tab #1. In response, and after timely answering (Tab #16), the defendants filed a motion seeking summary judgment (Tab #26). This motion is supported by a brief (Tab #27), a statement of material facts, and several affidavits. The plaintiff was directed to file a response (Tab #29) and has responded to the motion (Tab #31). The defendants' motion seeking summary judgment is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of this action, plaintiff Alan Moon was a Clarke County, Georgia inmate who was, at times, being temporarily housed in the Irwin County, Georgia Detention Center. Prior to filing the instant action, plaintiff Moon filed a separate 42 U.S.C. §1983 action complaining about the conditions of his confinement wherein he named Clarke County Sheriff Ira Edwards, the Clarke County Board of Commissioners, and City of Athens Mayor Heidi Davison as defendants. *See Moon v. Edwards*, 3:08-CV-102 (CDL). During an initial review of the action, plaintiff Moon was twice directed to supplement his pleadings so that a proper §1915(a) frivolity analysis could be completed. *Id.* Due to his repeated failure to comply with these directives, his case was ultimately dismissed without prejudice. *Id.* The plaintiff filed an appeal. Thereafter, and because the plaintiff failed to submit the requisite filing fee or motion to proceed *in forma pauperis*, his appeal was dismissed. *See Case #* 09-10633-B (11th Cir. 2009).

Plaintiff Moon subsequently filed the instant action. Tab #1. Therein, he alleges that the Clarke County Sheriff's Department, the Clarke County Board of Commissioners, Ira Edwards, Heidi Davison, Shirlisa Howard, Douglas Harrison, and Takia Taylor intentionally delayed his receipt of the above-described orders to supplement to ensure that *Moon v. Edwards*, 3:08-CV-102 (CDL) would be dismissed. Upon these assertions, and by way of relief, the plaintiff requests monetary damages, termination of the defendants employment, and a federal investigation of the Clarke County Sheriff's Department.

Following an initial review of this complaint, the undersigned recommended dismissal of the Clarke County Sheriff's Department, the Clarke County Board of Commissioners, Ira Edwards, and Heidi Davison. Tab #12. The recommendation was subsequently adopted and made the order of the court leaving only Shirlisa Howard, Douglas Harrison, and Takia Taylor as defendants herein. Tab #14. Thereafter, these three defendants filed the instant motion seeking summary judgment.

## LEGAL STANDARDS

### LAW OF SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## ACCESS TO COURTS CLAIMS

A valid 42 U.S.C. § 1983 claim involving a violation of an inmate's constitutional right of access to the courts premised upon allegations of interference with the inmate's legal mail must assert that a defendant public official deliberately interfered with the inmate's legal mail and that this interference actually impeded the inmate's access to the court and/or prejudiced an existing action. U.S.C.A. Const. Amend. 1; 42 U.S.C.A. § 1983; *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998); *Wanninger v. Davenport*, 697 F.2d at 992 (11th Cir. 1983). To overcome summary judgement on such a claim, however, the inmate plaintiff must go beyond his pleadings and present evidence that would be sufficient to convince a jury that a ***non-frivolous*** legal claim has been denied or dismissed as a result of ***deliberate*** interference by a prison official(s). *See Wilson*, 163 F.3d at 1290 *(emphasis added)*.

## DISCUSSION

In the brief filed in support of their request for summary judgement, the defendants contend that plaintiff Moon's allegations are, *inter alia*, insufficient to state a claim upon which relief may be granted. In support, and after acknowledging that interference with legal mail can implicate an inmate's constitutionally guaranteed rights of free speech and access to the courts, the defendants aver that the instant complaint suffers from at least two fatal deficiencies, to-wit: (1) the plaintiff's failure to show that he has suffered any actual injury; and, (2) his failure to demonstrate that the alleged delay in his receipt of legal mail was occasioned by deliberate actions.

On the issue of actual injury, the defendants observe that plaintiff Moon has not, to date, provided any adequate response to the court's inquiries contained in its order(s) directing him to supplement his previous complaint. According to the defendants, this is critical because, absent such responses, the issue of whether or not the claims in the previous action were frivolous remains unresolved. Thus, based upon the record in this case, the defendants argue that even if they had unlawfully delayed delivery of the plaintiff's mail, his claims are without merit and must fail.

As for the second deficiency, the defendants aver that the plaintiff has failed to establish the existence of an issue of material fact concerning the allegedly deliberate nature of their actions. In support of this contention, they cite to and rely upon affidavits submitted with their motion seeking summary judgment. Therein, they declare that they had no knowledge of the earlier lawsuit and that they did not intentionally interfere with the plaintiff's mail. Thus, they argue, plaintiff Moon cannot establish a factual basis to allow a jury to conclude otherwise.

In his response, and rather than going beyond the pleadings to address the arguments proffered by the defendants, plaintiff Moon offers a series of novel, albeit unavailing, arguments. For instance, in what could only be classified as an attempt to show deliberate intent by the defendants, he argues that they had motive to delay his mail. Strangely, however, he follows this assertion by explaining that it did not matter whether or not they were aware of (1) the contents of the allegedly delayed legal mail, or (2) the existence of his then pending action. Later in his response, the plaintiff theorizes that the mere practice of temporarily housing inmates in nearby correctional facilities in order to prevent overcrowding is, in and of itself, sufficient to establish a constitutional violation. This, according to the plaintiff, is because the delays which necessarily result from such an arrangement constitute a "violation of due process and [is] the same as taking legal mail-no library."

Unfortunately for plaintiff Moon, and as he was advised in the undersigned's order directing him to respond to the instant motion seeking summary judgment, his burden on summary judgment includes the obligation of **going beyond the pleadings** by pointing to evidence that could lead a reasonable jury to conclude that the defendants' deliberate actions caused him actual injury. In view of his response, however, it is clear that he failed to do so. Consequently, it appears that the defendants are entitled to judgment as a matter of law.

In light of the foregoing, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of JULY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE